## In re FOLB.

(District Court, E. D. North Carolina.   December 28, 1898.)

BANKRUPTCY—PROVABLE DEBTS—PREFERENCE.

Where, under a general assignment made by a debtor more than a year before the commencement of proceedings in bankruptcy, a creditor, therein preferred, has received a partial payment of his claim, he is not required, before being admitted to prove his debt in the bankruptcy proceedings and vote in the election of a trustee, to refund to the estate of the bankrupt the amount so received.   The claim is provable for the balance remaining unpaid.

In Bankruptcy.

The referee in bankruptcy to whom the case was referred certified to the court the following record of the questions arising before him, and his findings thereon:

To Hon. Thos. R. Purnell, Judge: This is to certify to your honor that at the first meeting of creditors of the said bankrupt, held, after lawful notice, at the office of J. G. Shaw, Esq., in Fayetteville, N. C., among other things the following proceedings were had: H. McD. Robinson, Esq., and Hon. R. P. Buxton, respectively, for creditors represented by them, made objection to the proof and filing of certain notes executed by the bankrupt prior to the passage of the bankrupt act on July 1, 1898, to Ransom Burns and to J. A. Burns, on the dates and for the amounts fully set out in copies of said notes herewith sent as part of this report, with the indorsement thereon, and also objected to filing and approval of the accounts of McMillan Bros. and Thomas A. Thornton, as shown by exhibits herewith filed, unless twenty per centum of all said claims paid to said creditors under conditions hereinafter set out—improperly paid, as contended by objectors—be refunded to the estate of said bankrupt, and for the further objection that said claims are not properly proved before the referee, and are by him improperly allowed.   No affidavits or other proof were offered by the objectors, but the following facts are admitted: That on the ——— day of ———, 1897, and before the passage of the bankruptcy act by congress, July 1, 1898, the bankrupt, Mike Folb, executed a deed of assignment to one ——— Taylor, as assignee, wherein the above-named creditors were preferred; and that in the month of October, 1897, twenty per centum of their claims was paid to each of said creditors by said Taylor, assignee, and credit given for same.   That said objectors further claimed that the proof of said claims was insufficient, and the same should not be counted, either in number of creditors or amount of claims, in ascertaining the result of the vote for trustee of said estate.   That all of said objections were overruled, said claims allowed to be filed, and on the vote for trustee counted.   To all of which said objectors excepted, and exceptions noted.   That copies of notes and proof of said claims are herewith filed as part of report.   That, upon taking the vote of all creditors present in person or by attorney, all of said creditors voted for E. P. Powers for trustee, and their respective claims counted for him, less twenty per centum paid by the assignee, Taylor, as aforesaid.   That said objectors all voted for S. H. McRae, Esq., as trustee.   And that E. P. Powers was declared by the court selected trustee of said estate.   That, if said (as alleged) improperly admitted creditors and votes are excluded, said E. P. Powers is not elected trustee, but that said S. H. McRae, Esq., is elected trustee, and should be so declared.   All of which, together with exhibits, is respectfully submitted to your honor for review.

This December 26, 1898.                    **T. P. Devereux, Referee.**

PURNELL, District Judge. The foregoing report of the referee is in all respects affirmed. The claim of a creditor, though secured under a deed of assignment made prior to the passage of the act of July 1, 1898 (the bankrupt law), and paid in part by the trustee under such indenture, stands on the same footing with a claim upon which there has been a payment. The claim should be admitted in a meeting of creditors of a bankrupt; the amount to be reckoned, less the credit. The assignment is not of importance in this proceeding— First, because this is a voluntary proceeding; and, second, it was made and executed more than a year prior to the date of the petition in bankruptcy. There is no provision in the act of July 1, 1898, which would require the creditor to refund the credit on his claim to the estate before he can prove his claim, and participate in a meeting of the creditors of the bankrupt. No brief or authority for the position of the objectors is filed or sent up. The claims do not fall under any of those excluded from participation in creditors' meetings by section 56, for it is not claimed they are secured; nor under section 57, or any subdivision thereof, as the assignment was adjudged null by a state court after the payment of the 20 per cent. The preference given was too remote to have been in contemplation of the bankrupt act of July 1, 1898. If based on the idea that the acceptance of the 20 per cent. from the trustee under the assignment was a composition,—an acceptance of a part for the whole debt,—the position is untenable. The amount paid is simply entered on the notes (the forms of most of the claims) and accounts as a credit; and, under the most liberal decisions, to constitute a part payment a compromise and settlement in full, it must be so understood and accepted. It is, therefore, adjudged that E. P. Powers was elected trustee according to the provisions of the act of congress approved July 1, 1898, entitled an "Act to establish a uniform system of bankruptcy throughout the United States."